**Shirrell Eugene DANIELS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14846.**

Court of Criminal Appeals of Oklahoma.

April 1, 1970.

See also, Okl.Cr., 450 P.2d 526.

Don Anderson, Public Defender, T. Hurley Jordan, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Shirrell Eugene Daniels, hereinafter referred to as the defendant, was charged by information with the crime of Robbery with Firearms. He was tried before a jury, found guilty, and sentenced to twenty years in the penitentiary. The Appeal was lodged in this Court by the Public Defender, T. Hurley Jordan, an able lawyer, who also filed, along with the appeal, an application to withdraw as attorney for the reason that he could find no justification for an appeal.

The defendant also filed a brief in said cause mostly dealing with the sufficiency of the evidence and asking for an evidentiary hearing because the trial judge had presided in the trial of a co-defendant where he claims evidence was presented as to defendant's innocence. The facts submitted by the State were substantially as follows:

On February 18, 1967, Leo E. Meyers was in his office at the A. W. Lee Oil Company when a woman stuck her head inside the door and asked for someone by name. Meyers replied that he did not know such a person at all. Shortly afterwards, about 11:30 a.m., two men came in, one of whom had a pistol, bound and gagged him and removed money from the safe and desk, putting some $2,000.00 in a manila paper sack. The men ran west to Classen and turned north. Meyers had broken the bonds about his feet and followed them outside, where he was able to attract the attention of two employees, one of whom chased the men while the other went to the phone. The two men fired three shots at the pursuer whereupon he returned and untied Meyers. Meyers testified that one of the two who entered his office and robbed him was Ronald Edward Rogers and that the other was Charles Wayne Rogers. Meanwhile a delivery truck driver parked around the corner facing Classen, heard the apparent sound of three shots and saw two men running. The two men were able to catch up with a red and white Chevrolet car going about ten miles per hour, which they got into. The vehicle then took off real fast and turned east onto Second Street, the truck driver following. The Chevrolet turned south at the next corner, where he saw the Chevrolet had crossed Main Street and

was being pursued by a police car with red lights flashing. He soon came up to the Chevrolet, which was stopped in the unit block on South Francis surrounded by about five police vehicles.

Officers German and Christian, of the Oklahoma City Police Department, were in a scout car at this time at Second and Francis when they received a radio report of the robbery. They had just moved onto Francis when a motorist pointed out to them a red and white Chevrolet as being the vehicle involved. They took pursuit, following it south on Francis to Sheridan and into an alley where it was trapped by another police car. One occupant emerged and ran south pursued by German while another ran north pursued by Christian. During German's pursuit, he saw the man, Ronald Wayne Rogers, throw down a paper bag containing money. He caught the man and returned to the Chevrolet where he observed the defendant and one Rose Mary Robinson and identified the defendant as the driver of the car. Christian arrested the other man, Charles Wayne Rogers.

Officer Kroeker of the Oklahoma City Police Department drove the police car which blocked the alley and stopped the chase. He saw two occupants emerge and split up and run with two officers chasing. He arrested the two remaining occupants and identified the driver as the defendant and the other as Rosie Lee Robinson. A revolver, States Exhibit 1, was discovered at the scene of the arrest.

The defendant did not attempt to refute this as he did not testify in his own behalf nor did he offer any testimony to refute the State's testimony. The defendant rested his case as soon as the State finished their case.

 Defendant contends now that the trial judge had previously presided over the trial of a co-defendant who denied that the defendant Daniels had knowledge of the crime. Said co-defendant admitted the crime and was, by a jury, sentenced to 40 years. The defendant Daniels contends that the trial judge withheld testimony of the previous co-defendant from the present jury by not divulging the exculpatory testimony of the co-defendant. We do not agree with this contention. It was defendant's duty to present his own case and no evidence was presented in an attempt to exonerate himself. Nor was the question raised in the lower court and cannot be raised for the first time in this Court. Apparently no effort was made to obtain the testimony of the co-defendant, who was apparently an inmate of the Oklahoma State Penitentiary at the time of trial and available as a witness if this defendant had desired his testimony. The record reflects that defendant was afforded a fair trial, and the evidence was ample to support the jury's verdict, and the punishment of 20 years was far below the maximum that could have been assessed.

We, therefore, Affirm the judgment and sentence of the trial court.

Affirmed.

BRETT, P. J., and BUSSEY, J., concur.